UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:04CV226-EHJ

WANDA STAGNER                                                                                 PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                          DEFENDANT

**MEMORANDUM OPINION**

      This matter is before the Court upon the parties' objections to the proposed findings and recommendations of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed findings and recommendations should be adopted, and the decision of the Commissioner should be affirmed.

      Ms. Stagner filed an application for disability insurance benefits on June 10, 2002 alleging that she became disabled on May 31, 2002 at age 47 as a result of back and leg pain (Tr. 83). After a hearing on November 17, 2003, Administrative Law Judge James Craig ("ALJ") found that she suffers from a severe impairment of chronic low back pain syndrome and is unable to return to her past relevant work. Nonetheless, she was found to retain the residual functional capacity to perform simple, sedentary work, with certain exertional and non-exertional limitations. The ALJ based his fifth step denial upon the vocational expert testimony (Tr. 45-46).

      Both parties object to the magistrate's analysis and conclusions pertaining to the proper application of the Medical-Vocational Guidelines (grid rules). Ms. Stagner was within less than six months of age 50 at the time of the ALJ's Unfavorable Decision. Plaintiff argues that she should

have been classified as "a person closely approaching advanced age" pursuant to Grid Rule 201.14 instead of the ALJ's classification of her as "a younger individual" under Grid Rule 201.21. The Commissioner argues that the magistrate report contains the following "misconception" in the application of the grids: because the ALJ did not directly apply the Medical-Vocational Guidelines and instead utilized testimony from a vocational expert, an analysis of the plaintiff's age was not relevant to the outcome of the case. The Court rejects the objections of both parties, finding that the ALJ properly utilized the Medical-Vocational Guidelines as a framework for his decision, and need not have completed a separate borderline age analysis.

Here, there are exertional, non-exertional and mental limitations to the claimant's ability to perform a full range of sedentary work. As in Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990), the ALJ could not directly apply the grids, but instead could use them as a framework for his decision. Accordingly, the ALJ properly called a vocational expert to consider Ms. Stagner's age, education, and prior work experience within the context of the exertional, non-exertional, and mental limitations (vocational hypothetical at Tr. 45-46). The Commissioner's argument mis-characterizes the magistrate's report as stating age is irrelevant. To the contrary, age was a relevant factor considered by the vocational expert upon whose testimony the ALJ relied.

The plaintiff's remaining objections involve evaluation of the plaintiff's mental impairments, and whether medical examiner Mr. Fuller's findings were supported by objective medical findings. The Court has combed the record and finds that the magistrate's proposed findings and recommendations thoroughly and adequately address the remaining issues in this case. In sum, there is substantial evidence of record to support the ALJ's Decision denying benefits to Ms. Stagner.

The magistrate's analysis of the issues and application of the law are appropriate, and his recommendations are adopted. While the Court is sympathetic to Ms. Stagner's situation, it finds no misapplication of the regulations. Though this Court may have analyzed the evidence differently to reach a contrary conclusion, it is bound to uphold the Commissioner, <u>Crum v. Sullivan</u>, 921 F.2d 642, 644 (6th Cir. 1990).